Approved: _____
KATHERINE C. REILEY
Assistant United States Attorney

Before:   THE HONORABLE RONALD L. ELLIS
          United States Magistrate Judge
          Southern District of New York

15 MAG 2512

------------------------------------X
UNITED STATES OF AMERICA            :   COMPLAINT
                                    :
          - v. -                    :   Violation of
                                    :   21 U.S.C. § 846
AMABLE ARISTY,                      :
                                    :   COUNTY OF OFFENSE:
                      Defendant.    :   BRONX
                                    :
------------------------------------X

   CRAIG SMITH, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA") and charges as follows:

                            COUNT ONE

   1.   From at least on or about July 16, 2015, up to and including on or about July 17, 2015, in the Southern District of New York and elsewhere, AMABLE ARISTY, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

   2.   It was a part and an object of the conspiracy that AMABLE ARISTY, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

   3.   The controlled substances involved in the offense were (1) five hundred grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B); and (2) a quantity of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

        (Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1.  I am a Special Agent with the DEA. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2.  Based on my involvement in this investigation and my conversations with other law enforcement officials, I have learned the following, in substance and in part:

    a.  In or about July 2015, at the direction of law enforcement, a confidential informant ("CI-1") had multiple telephone conversations with AMABLE ARISTY, the defendant, in which CI-1 discussed purchasing narcotics from ARISTY.[1] In each case, ARISTY used a telephone number (the "Aristy Telephone Number") CI-1 understood to be associated with ARISTY.

    b.  In the course of the telephone conversations between ARISTY and CI-1, ARISTY and CI-1 agreed to meet on or about July 16, 2015 in order for CI-1 to purchase approximately 30 bundles of heroin from ARISTY in exchange for payment of approximately $1500. Based on my training and experience, I am aware that a "bundle" of heroin typically contains approximately ten individual glassine envelopes of heroin.

    c.  On or about the evening of July 16, 2015, law enforcement agents conducting surveillance in the vicinity of a restaurant located near the intersection of 236th Street and Broadway in the Bronx, New York ("Restaurant-1"), observed ARISTY and CI-1, who was acting at the direction of law enforcement, meet in the parking lot of Restaurant-1. Law enforcement agents further observed ARISTY and CI-1 enter Restaurant-1. Shortly thereafter, CI-1 and ARISTY exited

---

[1]  CI-1 has been a DEA source for approximately fifteen years. CI-1 has provided reliable information that law enforcement has been able to corroborate through independent information. CI-1 is paid for his or her information.

Restaurant-1. ARISTY was carrying a brown paper bag. Law enforcement agents followed ARISTY as he walked away from Restaurant-1 on Broadway, turning left, and entering a laundromat, at which point he handed the brown paper bag to another individual and exited the laundromat.

  d. Law enforcement agents debriefed CI-1 following CI-1's July 16, 2015 meeting with ARISTY at Restaurant-1. CI-1 stated, in substance and in part, that once CI-1 and ARISTY were inside Restaurant-1, ARISTY handed CI-1 a package wrapped in plastic wrap. CI-1 then went into a bathroom and verified that the package contained approximately thirty bundles of a powdery substance that appeared to CI-1 to be heroin. CI-1 then exited the bathroom and handed ARISTY a brown paper bag with approximately $1500 in U.S. currency, which had been provided to him by law enforcement, in it. CI-1 further stated, in substance and in part, that while inside Restaurant-1 and while in the parking lot of Restaurant-1, CI-1 and ARISTY discussed CI-1's purchasing additional narcotics from ARISTY, including approximately 500 grams of cocaine and approximately 400 additional bundles of heroin.

  e. Law enforcement agents field tested the powdery substance contained in the approximately thirty bundles inside the plastic bag ARISTY handed to CI-1 in the parking lot of Restaurant-1. The substance field tested positive for heroin.

  f. On or about the morning of July 17, 2015, CI-1 received a telephone call from ARISTY using the Aristy Telephone Number. Over the course of that call and additional telephone calls that took place that morning, ARISTY told CI-1, in substance and in part, that he could sell CI-1 approximately 900 grams of cocaine later that day, but it might take ARISTY longer to procure additional heroin. ARISTY and CI-1, who was acting at the direction of law enforcement, agreed to meet at Restaurant-1 on or about the afternoon of July 17, 2015.

  g. On or about the afternoon of July 17, 2015, law enforcement officials agents conducting surveillance outside an address in the Bronx associated with ARISTY ("Building-1") observed a vehicle ("Vehicle-1") pull up outside Building-1. The agents further observed ARISTY exit Building-1 and wave in the direction of Vehicle-1, which pulled in front of ARISTY.

  h. Law enforcement agents conducting surveillance in the vicinity of Restaurant-1 on or about the afternoon of July 17, 2015 observed Vehicle-1 pull into the parking lot of

Restaurant-1. Agents further observed ARISTY and CI-1 speak in the parking lot of Restaurant-1, after which CI-1 approached Vehicle-1, reaching into Vehicle-1 and removing a brown bag. ARISTY and CI-1, carrying the brown bag, then entered Restaurant-1, walking toward the bathroom. Shortly thereafter, ARISTY and CI-1 exited Restaurant-1, with CI-1 carrying the brown bag.

   i. Law enforcement agents debriefed CI-1 following the July 17, 2015 meeting with ARISTY at Restaurant-1. CI-1 stated, in substance and in part, that when CI-1 spoke to ARISTY in the parking lot of Restaurant-1, ARISTY told CI-1, in substance and in part, that the drugs were inside Vehicle-1. CI-1 then approached Vehicle-1, and the driver of Vehicle-1 ("CC-1") told CI-1 to take the brown bag. CI-1 then took the brown bag from inside Vehicle-1, as CC-1 had directed. CI-1 further stated, in substance and in part, that after CI-1 and ARISTY entered Restaurant-1, CI-1 looked inside the brown paper bag and observed two packages wrapped in plastic wrap. ARISTY handed CI-1 a razor blade so that CI-1 could cut into the packages. CI-1 then went into the bathroom of Restaurant-1, cut into the packages, observed that the packages contained a white powdery substance, and smelled what CI-1 believed to be cocaine. CI-1 then exited the bathroom and told ARISTY, in substance and in part, that CI-1 would retrieve the money owed to ARISTY in exchange for the cocaine from a vehicle in the parking lot.

   j. Law enforcement agents weighed and field tested the substance contained in the two packages inside the brown bag CI-1 retrieved from Vehicle-1 on or about the afternoon of July 17, 2015. The substance field tested positive for cocaine and weighed approximately more than 900 grams as packaged.

   k. After exiting Restaurant-1 with CI-1, ARISTY was placed under arrest.

-5-

WHEREFORE, deponent prays that AMABLE ARISTY, the defendant, be imprisoned or bailed, as the case may be.

_____
CRAIG SMITH
Special Agent
Drug Enforcement Administration


Sworn to before me this
18th day of July, 2015

_____
THE HONORABLE RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK